# EXHIBIT A

# SUMMONS - CIVIL
JD-CV-1 Rev. 9-14
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

## STATE OF CONNECTICUT
## SUPERIOR COURT
www.jud.ct.gov

See other side for instructions

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

[ ] "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
[X] "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
[ ] "X" if claiming other relief in addition to or in lieu of money or damages.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 235 Church Street, New Haven, CT 06510 | (203) 503-6800 | July 28, 2015 |

| Judicial District [X] / Housing Session [ ] | G.A. Number: | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349): New Haven | Case type code (See list on page 2) Major: T   Minor: 90 |

For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Rini & Associates, 51 Elm Street, Ste.420, New Haven, CT 06510 | 432676 |

| Telephone number (with area code) | Signature of Plaintiff (If self-represented) |
|---|---|
| (203) 787-4191 | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.   [X] Yes   [ ] No

Email address for delivery of papers under Section 10-13 (if agreed to): josephlrinilaw@sbcglobal.net

Number of Plaintiffs: 1     Number of Defendants: 1     [ ] Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: Susan Cutillo  Address: 1447 Dunbar Hill Road, Hamden, CT 06514 | P-01 |
| Additional Plaintiff | Name:  Address: | P-02 |
| First Defendant | Name: Wellmore, Inc.  Address: 141 E. Main Street, Waterbury, CT 06710 | D-01 |
| Additional Defendant | Name:  Address: | D-02 |
| Additional Defendant | Name:  Address: | D-03 |
| Additional Defendant | Name:  Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed (Sign and "X" proper box) [signature: Joseph Rini] | [X] Commissioner of the Superior Court  [ ] Assistant Clerk | Name of Person Signing at Left: Joseph L. Rini | Date signed: 6/19/2015 |

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date |

Name and address of person recognized to prosecute in the amount of $250:
Curtis Packer, 51 Elm Street, Ste.420, New Haven, CT 06510

| Signed (Official taking recognizance; "X" proper box) [signature] | [X] Commissioner of the Superior Court  [ ] Assistant Clerk | Date: 6/19/2015 | Docket Number |

| | | |
|---|---|---|
| RETURN DATE: JULY 28, 2015 | : | SUPERIOR COURT |
| SUSAN CUTILLO | : | JUDICIAL DISTRICT |
| V. | : | OF NEW HAVEN |
| WELLMORE, INC. | : | AT NEW HAVEN |
| | : | JUNE 19 2015 |

## COMPLAINT

### COUNT ONE – BREACH OF FIDICIARY DUTY

1. Plaintiff Susan Cutillo is a natural persons residing in Hamden, Connecticut. Plaintiff Cutillo is a clinical social worker (hereinafter "LCSW") licensed by the State of Connecticut.

2. Defendant Wellmore, Inc. aka Wellmore Behavior Health or d/b/a Wellmore Behavioral Health, aka Wellmore Behavior Health (hereinafter "Wellmore") is a Connecticut non-stock corporation duly organized and existing under the laws of the State of Connecticut, with a place of business located at 141 E. Main Street, Waterbury, Connecticut.

3. The Connecticut Secretary of State's Commercial Recording Division ("C.O.N.D.O.R.D.") sets forth that Gary M. Steck is the Chief Executive Officer with a business address of 141 E. Main Street, Waterbury, Connecticut and a residence address of 61 Rambler Street, Bristol Connecticut.

4. The Connecticut Secretary of State's Commercial Recording Division ("C.O.N.D.O.R.D.") does not set forth a name of an Agent for Service, C.O.N.D.O.R.D.

does reflect a business and residence address that is duplicative of the addresses set forth for Gary M. Steck.

5. Prior to December 12, 2012, Plaintiff Cutillo applied for employment with Defendant Wellmore.

6. Plaintiff Cutillo commenced her employment with Wellmore on December 12, 2012 as Vice President of Adult Services, overseeing adult programs and clinical services.

7. During her tenure of employment at Wellmore, Plaintiff Cutillo's immediate supervisor was Chief Operating Officer, Robert Plant.

8. As Chief Executive Officer, Gary M. Steck holds a sufficiently high position that he is the proxy or alter ego of Wellmore.

9. As Chief Operating Officer, Robert Plant holds a sufficiently high position that he is the proxy or alter ego of Wellmore.

10. After January 1, 2013, Wellmore informed Plaintiff Cutillo that it, Wellmore, was enrolled in a federal program wherein qualified employees of Wellmore could be reimbursed monies towards their outstanding student loan debt.

11. The Loan Repayment Program (hereinafter "LRP") is administered by the National Health Service Corps (hereinafter "NHSC"). NHSC is part of and overseen by the Federal Department of Health and Human Services (hereinafter "HHS") as well as Health Resources and Services Administration (hereinafter "HRSA") and the HRSA Bureau of Health Workforce (hereinafter "BHW") as authorized by statute 42 USC. 254d pursuant

to Title 42 –The Public Health and Welfare, Chapter 6A of the Federal Public Laws and 42 USC 2541l-1..

12. The mission of NHSC is to improve the health of the nation's underserved by recruiting clinicians to serve in Health Professional Shortage Areas (hereinafter "HSPAs") of greatest need.

13. In exchange of receiving an LRP award a participant in the program enters into a contract to: (a) provide service for 2 years or more years in a position of need at a site approved by NHSC and (b) to promptly report to NHSC any change in the participant's employment status at the approved site.

14. In February 2013, Wellmore was an approved NHSC site.

15. Upon information and belief, Wellmore as an approved NHSC site received incentives for being an NHSC approved site, including but not limited to, being listed on numerous federal government websites as an approved NHSC site, which listings introduce Wellmore as a potential employer to a vast number of qualified employment candidates.

16. After December 2012 and through summer 2013 and thereafter Wellmore actively encouraged Plaintiff Cutillo and other employees to apply for participation in the NHSC LRP program.

17. As a result of Wellmore's encouragement, in or about April 2013, Plaintiff Cutillo commenced to apply via the NHSC website (hererinafter "The Portal") to become a participant in the NHSC LRP.

18. At all times herein Wellmore's Chief Executive Officer, Gary M. Steck, Chief Operating Officer, Robert Plant and Wellmore's Human Resources Department had knowledge that Plaintiff Cutillo was applying via The Portal for participation in the NHSC LRP.

19. During Plaintiff Cutillo's application process, Wellmore provided information via The Portal to NHSC.

20. Plaintiff Cutillo had no knowledge as to the information Wellmore had provided to NHSC via The Portal.

21. Plaintiff Cutillo had no knowledge that Wellmore had informed NHSC that she, Plaintiff Cutillo was a "hands on" care provider or that Plaintiff Cutillo was a full time direct service to client employee.

22. Plaintiff Cutillo was not a "hands on" care provider and in fact was employed as a Wellmore administrator whose responsibilities included little or no patient care.

23. In December 2015, during a telephone call between Congresswoman Rosa DeLauro's office, Plaintiff Cutillo and NHSC, Marc Wheeler, Branch Manager of HHS stated that had Wellmore provided accurate, correct and truthful information regarding Plaintiff Cutillo during her application process it was "most likely" that Plaintiff Cutillo's application would not have been approved.

24. In January of 2013 and at all times thereafter Wellmore was in the process of phasing out the mental health component of its services.

25. Wellmore was a NHSC approved site for mental health care.

26. Wellmore concealed its efforts of phasing out or eliminating its mental health services by increasing its services relating to substance abuse and addiction.

27. Although Wellmore was actively downsizing its role as a mental health provider it never informed Plaintiff Cutillo that the NHSC site approval for Wellmore was in mental health, despite Wellmore's encouragement for Plaintiff Cutillo to apply for the NHSC LRP.

28. Furthermore, at all times herein Wellmore failed to inform NHSC that it was concentrating on substance abuse and addiction and not mental health.

29. To date, Wellmore's website available at http://wellmore.org/adult-services/outpatient-services/ states:

    a. "Our outpatient services provide substance abuse and mental health treatment for individuals living and working in their own communities. Individuals with addiction problems are helped to learn to live without mind-altering substances through treatment, which increases coping skills and focuses on changed behavior. The approach to care is strength-based and solution-focused, with the goal of developing skills and accomplishing health. Treatment services are provided by a professional, culturally sensitive staff. To accommodate different schedules, services are offered during day and evening hours. Treatment includes assessment, group treatment and psycho-educational sessions for individuals with substance abuse, mental health disorders and co-occurring disorders."

30. Plaintiff Cutillo relying on the information provided to her by Wellmore, its Chief Executive Officer, Chief Operating Officer and/or Human Resources Department as to Wellmore's compliance with federal government's requirements for an approved NHSC site continued with the application process via The Portal.

31. Wellmore as Plaintiff Cutillo's employer, had a fiduciary duty and statutory duty to provide accurate and complete information to the Federal Government and/or NHSC.

32. In August 2013, Plaintiff Cutillo's application was approved for her participation in the NHSC LRP.

33. Wellmore is no longer an approved NHSC site.

34. From early on and throughout Plaintiff Cutillo's tenure at Wellmore, the friendship and camaraderie between Mr. Plant and Mr. Steck was self-evident to the point that Mr. Steck was well aware of Mr's Plant's behavior and personality and previous issues, in other employment, that involved sexual harassment claims.

35. Throughout Plaintiff Cutillo's tenure at Wellmore, Mr. Plant and Mr. Steck saw each socially at times with their respective spouses which friendship and camaraderie gave rise to a business culture that allowed Mr. Plant's non-adherence to the rules and policies of Wellmore in that Mr. Plant:

   a. was frequently, if not always, late for work and
   b. left early and failed to attend to his responsibilities, and
   c. did not wear clothing that was proper, either for a person of his age nor for the position he held at Wellmore and,

d. did not adhere to the rules and policies of the Wellmore, including but not limited to (i) wearing very tight, usually corduroy jeans that left little to the imagination, and (ii) exhibiting of behavior and language that was sexually charged and full of sexual innuendo, and

e. would frequently run his hands up and down his upper thighs, almost stroking his thighs, and often this action would take his hand(s) up to his groin area, including his genitals, and

f. exhibited this behavior most frequently when I was the sole other person in the room during meetings that were usually held in Mr. Plant's office, which due to its layout meant that I was within touching space of him, and

g. would routinely "flip" his hair while leaning back in his chair to put his feet up on the desk, just inches from where I was sitting, and

h. would frequently would arise from his chair and start "kicking" around a little ball he kept in his office, and

i. would talk about his prowess on the soccer field, while kicking this ball which would inevitably lead to Mr. Plant talking about his physique, (which in his opinion was great compared to the younger man on his soccer team) inferring his sexual nature and sexual prowess, and

j. frequently spoke about the female staff and the clothing they wore, including stating that "Well I don't mind it" when questioned about whether the outfit worn

        by one of the female staff that consisted of a rather short skirt and low-cut blouse was allowable under the rules and policies of the Wellmore, and

    k. would kick the ball in such close proximately to Plaintiff Cutillo, that she had to move away in order to not be touched by Mr. Plant or any portion of his anatomy.

36. Mr. Plant's constant speeches about his physique, inferred sexual prowess, his hair flipping, his sexual groping, ball kicking, propinquity, jokes and references to women, including his many wives, created an environment of sexual harassment throughout Plaintiff Cutillo's tenure at Wellmore that was sufficiently severe or pervasive that it altered the conditions of her employment and created a hostile and abusive working environment.

37. The sexual harassment set forth herein was continuous and regular.

38. Wellmore, its Chief Executive Officer and the Human Resources Department knew or should have known of the ongoing sexual harassment.

39. In fact, Gary M. Steck, the Chief Executive Officer knew of Mr. Plant's behavior as well as his history of sexual harassment but took no action to curtail such behavior.

40. On September 30, 2013, Plaintiff Cutillo tendered her resignation to Wellmore.

41. On November 1, 2013, Plaintiff Cutillo left her employment with Wellmore due to the altered conditions of her employment related to the hostile and abusive working environment.

42. Although NHSC was aware that Plaintiff Cutillo had tendered her resignation and subsequently left the employ of Wellmore in late November 2013 NHSC funded the LRP.

43. Wellmore owed a fiduciary duty to Plaintiff Cutillo.

44. Wellmore breached its fiduciary duty to Plaintiff Cutillo.

45. Plaintiff Cutillo has sustained damages.

46. Plaintiff Cutillo has no adequate remedy at law and is being irreparably harmed by Wellmore's breach of its fiduciary duty.

## COUNT TWO – BREACH OF STATUTORY DUTY

The allegations of paragraphs 1-44 of Count One are hereby incorporated as paragraphs 1-44 of this Count.

45. Wellmore had a statutory duty pursuant to Title 42 –The Public Health and Welfare, Chapter 6A of the Federal Public Laws, et al. to provide accurate, complete and truthful information to the Federal Government, specifically HHS and NHSC, during Plaintiff Cutillo's the application process with NHSC as well as Wellmore's own ongoing site approval.

46. Wellmore breached its statutory duty.

47. As a result Plaintiff Cutillo has sustained damages.

48. Plaintiff Cutillo has no adequate remedy at law and is being irreparably harmed by Wellmore's breach of its statutory duty.

## COUNT THREE – NEGLIGENT MISPRESENTATION

The allegations of paragraphs 1-46 of Count Two are hereby incorporated as paragraphs 1-46 of this Count.

47. At all time herein Wellmore knew or in the exercise of due care should have known it negligently or innocently misrepresented:

    a. Wellmore was an approved NHSC site, and/or

    b. Wellmore would maintain or exceed the minimum points score needed to remain an approved NHSC site, and/or

    c. the information provided by Wellmore to NHSC was accurate, complete and truthful, and/or

    d. that Wellmore intended to remain an approved NHSC site by maintaining its status as a mental health provider.

48. Plaintiff Cutillo relied on the representations of Wellmore to her detriment.

49. As a result of Wellmore's actions and/or inactions, Plaintiff Cutillo has suffered and continues to suffer injury, damages and economic losses.

**COUNT FOUR – FRAUD**
The allegations of paragraphs 1-48 of Count Three are hereby incorporated as paragraphs 1-48 of this Count.

49. Wellmore knew or should have known that its representations were false at the time the representations were made by Wellmore.

50. Plaintiff Cutillo relied on the representations of Wellmore to her detriment.

51. As a result of Wellmore's actions and/or inactions, Plaintiff Cutillo has suffered and continues to suffer injury, damages and economic losses.

**COUNT FIVE – TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS**
The allegations of paragraphs 1-50 of Count Four are hereby incorporated as paragraphs 1-50 of this Count.

51. Wellmore knew or should have known of the existence of a contract between Plaintiff Cutillo and NHSC for the NHSC LRP.

52. Wellmore benefitted from this contract as well as other Wellmore employee's NHSC LRP contracts.

53. Wellmore provided false and inaccurate information on an ongoing basis to the Federal Government, specifically NHSC, with the intent to interfere or induce so that Wellmore continued to benefit therefrom.

54. As a result of Wellmore's actions and/or inactions, Plaintiff Cutillo has suffered and continues to suffer injury, damages and economic losses.

**COUNT SIX – FRAUD IN THE INDUCEMENT**
The allegations of paragraphs 1-50 of Count Five are hereby incorporated as paragraphs 1-50 of this Count.

51. To induce Plaintiff Cutillo to enter into a contract with NHSC for the NHSC LRP Wellmore provided inaccurate and false information to Plaintiff Cutillo as well as the Federal Government.

52. Plaintiff Cutillo as well as the Federal Government relied in the inaccurate and false information provided by Wellmore to Plaintiff Cutillo's detriment.

53. Wellmore benefitted from Plaintiff Cutillo's NHSC LRP contract as well as other Wellmore employee's NHSC LRP contracts.

54. As a result of Wellmore's actions and/or inactions, Plaintiff Cutillo has suffered and continues to suffer injury, damages and economic losses.

## COUNT SEVEN – NEGLIGENCE

The allegations of paragraphs 1-53 of Count Six are hereby incorporated as paragraphs 1-53 of this Count.

55. Wellmore had a duty of care or an obligation to conform to provide accurate and truthful information to the Federal Government.

56. Wellmore had a duty of care or an obligation to uphold the standards of the workplace.

57. Wellmore failed in its duty of care in that it (a) provided inaccurate and false information to the Federal Government in relation to Plaintiff Cutillo's NHSC LRP contract, and (b) failed to maintain it status as a NHSC approved site, and (c) failed to maintain a workplace that was free from conditions that were sufficiently severe as to induce hostile and abusive working environment.

58. As a result of Wellmore's actions and/or inactions, Plaintiff Cutillo has suffered and continues to suffer injury, damages and economic losses.

## COUNT EIGHT – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

The allegations of paragraphs 1-57 of Count Seven are hereby incorporated as paragraphs 1-57 of this Count.

58. Wellmore had a duty of care or an obligation of good faith and fair dealing with its employees.

59. Wellmore failed in its duty of care or obligation to Plaintiff Cutillo in that Wellmore provided inaccurate and false information to the Federal Government as well as Plaintiff Cutillo which inaccurate and false information led to the execution of the NHSC LRP contract.

60. Wellmore failed in its duty of care or it obligation to Plaintiff Cutillo in that Wellmore failed to maintain a workplace that was free from conditions that were sufficiently severe as to induce hostile and abusive working environment.

61. Wellmore breached the covenant of good faith and fair dealing.

62. As a result of Wellmore's actions and/or inactions, Plaintiff Cutillo has suffered and continues to suffer injury, damages and economic losses.

## COUNT NINE – VIOLATION OF CONN. GEN. STAT. § 46a -60

The allegations of paragraphs 1-61 of Count Eight are hereby incorporated as paragraphs 1-61 of this Count.

63. Wellmore failed to maintain a workplace that was free from conditions that were sufficiently severe as to an induce hostile and abusive working environment in violation of Conn. Gen. Stat. § 46a-60.

64. The acts and omissions of Gary M. Steck and Robert Plant were contributory to Wellmore's violation of Conn.Gen. Stat. § 46a-60.

65. As a result of Wellmore's actions and/or inactions, Plaintiff Cutillo has suffered and continues to suffer injury, damages and economic losses.

### COUNT TEN – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
The allegations of paragraphs 1-64 of Count Nine are hereby incorporated as paragraphs 1-64 of this Count.

64. In engaging in the acts and/or conduct set forth herein, Wellmore engaged in actions or conduct that it knew or should have known, would unreasonably risk the infliction of emotional distress resulting in the possibility of illness or bodily harm to the Plaintiff Cutillo.
65. Wellmore acts or conduct caused Plaintiff Cutillo emotional distress.
66. Wellmore's acts or conduct in negligently inflicting emotional distress upon Plaintiff Cutillo damaged Plaintiff, caused and continues to cause Plaintiff Cutillo economic and non-economic damages, including emotional distress, pain and suffering and to be vexed and troubled and Plaintiff Cutillo is likely to suffer further emotional distress in the future.
67. Wellmore's actions and/or conduct were willful, wanton and malicious warranting an award of punitive damages.
68. As a result of Wellmore's actions and/or inactions, Plaintiff Cutillo has suffered and continues to suffer injury, including bodily harm, damages and economic losses.

### COUNT ELEVEN – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
The allegations of paragraphs 1-64 of Count Nine are hereby incorporated as paragraphs 1-64 of this Count.

64. In engaging in the acts and/or conduct set forth herein, Wellmore engaged in actions or conduct that it knew or should have known, would unreasonably risk the infliction of emotional distress resulting in the possibility of illness or bodily harm to the Plaintiff Cutillo.

65. Wellmore's actions or conduct, as described herein, were extreme and outrageous, including, providing inaccurate and false information to the Federal Government and others, statutory violations pursuant to Title 42 –The Public Health and Welfare, Chapter 6A of the Federal Public Laws, et al. and failure to maintain a workplace that was free from conditions that were sufficiently severe as to induce hostile and abusive working environment and in light of the circumstances set forth herein.

66. Wellmore knew or should have known that its acts and omissions were likely to cause Plaintiff Cutillo to suffer emotional distress.

67. Wellmore acts or conduct caused Plaintiff Cutillo emotional distress.

68. Wellmore's acts or conduct in intentionally inflicting emotional distress upon Plaintiff Cutillo damaged Plaintiff, caused and continues to cause Plaintiff Cutillo economic and non-economic damages, including emotional distress, pain and suffering and to be vexed and troubled and Plaintiff Cutillo is likely to suffer further emotional distress in the future.

69. Wellmore's actions and/or conduct were willful, wanton and malicious warranting an award of punitive damages.

70. As a result of Wellmore's actions and/or inactions, Plaintiff Cutillo has suffered and continues to suffer injury, including bodily harm, damages and economic losses.

## COUNT TWELVE – VIOLATIONS OF CONNECTICUT UNFAIR TRADE PRACTICE ACT C.G.S §42-110b (C.U.T.P.A)

The allegations of paragraphs 1-61 of Count Nine are hereby incorporated as paragraphs 1-61 of this Count, paragraphs 64-67 of Count Ten are hereby incorporated as paragraphs 64-67 of this Count and paragraphs 64-69 of Count Eleven are hereby incorporated as paragraphs 68 -73 of this Count.

73. Within three years prior to the date of this action Defendant and/or its agent(s), engaged in acts or omissions against Plaintiff Cutillo and such acts or omission caused Plaintiff Cutillo to suffer actual injury, damages and economic losses.

74. Wellmore or its agent's acts and/or omissions constitute a continuing pattern and practice.

75. Wellmore or its agent acts or omissions were willful, wanton or reckless.

76. The conduct of Wellmore and/or their agents alleged in herein caused the Plaintiff Cutillo substantial injury that could not have reasonably been avoided and is not outweighed by any countervailing benefits to consumers, including the Plaintiff Cutillo.

77. Wellmore and/or their agents, during the course of its business operations, have committed unfair or deceptive acts or practices within the meaning of the Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a et seq. by causing ascertainable loss in that Plaintiff's loss income, damages, economic losses, financial loss, suffered detrimental harm to their credit report, impairment of his reputation, personal humiliation, pain and

suffering and incurred fees and expenses additional interest, attorney's fees, and late fees in defending against suits filed by Defendant(s) or their agent(s).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully claims:

1. Money damages
2. Punitive damages pursuant to Conn.Gen.Stat. § 42-110a
3. Punitive damages pursuant to Conn. Gen. Stat. § 46a-60 et al.
4. Award Plaintiff reasonable attorney's fees pursuant to Conn.Gen.Stat. 42-110a.
5. Award Plaintiff such other and further relief as the Court deems just and proper.

THE PLAINTIFF SUSAN CUTILLO

By: _____
Joseph L. Rini
Joseph L. Rini Attorney at Law
51 Elm Street, Suite 420
New Haven, CT 06510
Juris No. 050338
Telephone: (203) 787-4191
Telecopy: (203) 785-1878
josephlrinilaw@sbcglobal.net

| | | |
|---|---|---|
| RETURN DATE: JULY 28, 2015 | : | SUPERIOR COURT |
| SUSAN CUTILLO | : | JUDICIAL DISTRICT |
| V. | : | OF NEW HAVEN |
| WELLMORE, INC. | : | AT NEW HAVEN |
| | : | JUNE 19 2015 |

## STATEMENT RE: AMOUNT IN DEMAND

The amount in demand is in excess of Fifteen thousand ($15,000.00) Dollars, exclusive of interest and costs.

THE PLAINTIFF SUSAN CUTILLO

By: /s/ Joseph L. Rini
Joseph L. Rini
Joseph L. Rini Attorney at Law
51 Elm Street, Suite 420
New Haven, CT 06510
Juris No. 050338
Telephone: (203) 787-4191
Telecopy: (203) 785-1878
josephlrinilaw@sbcglobal.net