UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

SUSAN CUTILLO,
        Plaintiff,


v.                                                    Civil Action No. 3:15-cv-01174 (VAB)


WELLMORE BEHAVIORAL
HEALTH,
        Defendant.

## RULING REMANDING THE CASE
## FOR LACK OF SUBJECT MATTER JURISDICTION

Plaintiff, Susan Cutillo, has sued her former employer, Wellmore Behavioral Health ("Wellmore"), alleging a total of twelve legal claims arising out of two separate series of events. Am. Compl., ECF No. 20. First, she alleges that one of her Wellmore supervisors sexually harassed her. Am. Compl. ¶¶ 34-39, Count Nine, ECF No. 20. Second, she claims that Wellmore fraudulently encouraged and facilitated her application to a student loan repayment program operated by the federal government, for which she was not eligible. *Id.* ¶¶ 10-11, 17, 19-32.

Ms. Cutillo alleges that Wellmore's behavior constitutes (1) a breach of fiduciary duty; (2) a breach of a statutory duty; (3) negligent misrepresentation; (4) fraud; (5) tortious interference with a contract; (6) fraud in the inducement of a contract; (7) negligence; (8) breach of the covenant of good faith and fair dealing; (9) a violation of the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §46a-60 *et seq.*; (10) negligent infliction of emotional distress; (11) intentional infliction of emotional distress;

1

and (12) a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. 42-110a *et seq*. *Id.* at Counts One to Twelve.[1]

Ms. Cutillo initiated this action in state court. Wellmore removed the matter to this Court, claiming that it involves questions of federal law under 42 U.S.C. § 2000e *et seq*. Notice of Removal 1, ECF No. 1. Now, there are four motions pending, including a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Mot. to Dismiss, ECF No. 18; Mot. to Dismiss, ECF No. 22; Second Mot. to Amend/Correct Compl., ECF No. 41; First Mot. to Quash Subpoena, ECF No. 45. After these motions were filed and fully briefed, Ms. Cutillo voluntarily dismissed with prejudice, Count Nine, alleging sexual harassment under CFEPA, Count Ten, alleging negligent infliction of emotional distress, Count Eleven, claiming intentional infliction of emotional distress, and Count Twelve, alleging a violation of CUTPA. Stipulation, ECF No. 58. All of her other claims remain pending at this time.

Before addressing any of the pending motions, however, the Court must determine whether it has subject matter jurisdiction over this case. *See Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 107-08 (2d Cir. 1997) (subject matter jurisdiction cannot be waived and may be raised by motion or sua sponte at any time); *Sarfraz v. Vohra Health Servs., PA*, 663 F. Supp. 2d 147, 149 (E.D.N.Y. 2009) (noting "the Court's responsibility to be assured at all times of its subject matter jurisdiction"); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also* 28 U.S.C.

---

[1] Although she does not explicitly indicate which legal claims derive from which aspect of Wellmore's conduct, her allegations of sexual harassment seem intended to support her CFEPA claim and perhaps her claims of negligent and intentional infliction of emotional distress. The remaining claims are based on the alleged fraud involving the federal loan repayment program.

§1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Malanca v. Worth*, No. 3:11cv0056(SRU)(WIG), 2011 WL 941381, at *2 (D. Conn. Feb. 8, 2011) ("Lack of removal jurisdiction may be raised by the Court *sua sponte*" and upon determining the Court lacks subject matter jurisdiction, "a remand is mandatory").

The Court provided counsel with an opportunity to brief this issue. Order, ECF No. 51. Wellmore submitted a brief arguing that this Court has subject matter jurisdiction over this case. Def.'s Br. on Jurisdiction, ECF No. 53. For the reasons that follow, the Court disagrees with Wellmore and finds that Ms. Cutillo has failed to state any federal legal claims and, therefore, that it lacks subject matter jurisdiction over this matter. Accordingly, all of the pending motions are denied as moot.

## I. Factual Allegations

Ms. Cutillo alleges that she began working for Wellmore on December 12, 2012 as "Vice President of Adult Services." Am. Compl. ¶ 6, ECF No. 20. She claims that after January 1, 2013, Wellmore told her that it was enrolled in a federal program which allowed qualified employees to receive money towards outstanding student loan debt. *Id.* ¶ 10. This program is allegedly administered by the National Health Services Corps ("NHSC"), which is part of the Federal Department of Health and Human Services and the Health Resources and Services Administration. *Id.* ¶ 11. She claims that NHSC's mission, which the loan repayment program also serves, is to improve the health care services available to patients in particular identified areas of need. *Id.* ¶ 12.

Ms. Cutillo alleges that successful applicants to this loan repayment program enter a contract agreeing to provide health-related services for two years or more "in a

position of need at a site approved by NHSC" and to "report to NHSC any change in the participant's employment status at the approved site." *Id.* ¶ 13. She also claims that employers that have positions eligible for the loan repayment program receive some kind of benefit, because they are able to attract more qualified employees. *Id.* ¶ 53.

Ms. Cutillo alleges that Wellmore "actively encouraged" her to apply to the NHSC loan repayment program and that, as a result, she applied to the program in April 2013. *Id.* ¶¶ 16-17. She was approved to participate in the program in August 2013. *Id.* ¶ 32.

Ms. Cutillo contends that Wellmore misrepresented her job and the nature of the services she and Wellmore provided to ensure that she was accepted into the program. In particular, she claims that in support of her application, and without her knowledge, Wellmore misrepresented that she was a "hands on" care provider or that she was a "full time direct service to client employee." *Id.* ¶¶ 21-22. She alleges that an individual in U.S. Congresswoman Rosa DeLauro's office informed her that this misinformation likely played a dispositive role in her approval for the program. *Id.* ¶ 23.

Ms. Cutillo also contends that, while Wellmore was an NHSC-approved site for mental health care in February 2013, it was in the process of phasing out the mental health component of its services. *Id.* ¶¶ 14, 24-26. She claims that this phase-out resulted in Wellmore losing its status as an NHSC-approved health care site. Ms. Cutillo alleges that Wellmore never told her it was approved by NHSC for mental health care, as opposed to another type of health treatment, and that it failed to inform NHSC that it was transitioning its focus away from mental health toward substance abuse and addiction.

*Id.* ¶¶ 27-28.  She also claims that when she filed this case in September 2015, Wellmore was no longer an NHSC-approved site.  *Id.* ¶ 33.

Ms. Cutillo alleges that she resigned from her employment with Wellmore on September 30, 2013 and stopped working there on November 1, 2013.  *Id.* ¶¶ 40-41.

## II.     Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction, meaning they are only authorized to resolve cases that either address questions of federal law or satisfy diversity jurisdiction requirements.  *See* 28 U.S.C. §§ 1331, 1332; *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009).  Where a case filed in state court satisfies either one of these standards for subject matter jurisdiction, 28 U.S.C. §1441(a) allows removal of that case from state court to federal court.

Federal courts have a duty to review a plaintiff's complaint "at the earliest opportunity" to determine whether they have subject matter jurisdiction over the case. *See Licari v. Nutmeg Ins. Adjusters, Inc.*, No. 3:08mc245(WIG), 2008 WL 3891734, at *1 (D. Conn. July 31, 2008) (citing *Transatl. Marine Claims Agency, Inc.*, 109 F.3d at 107-08); *see also Manway Constr. Co. v. Housing Auth. of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983) ("It is common ground that in our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction…."). Such "scrutiny is especially important in the context of removal, where considerations of comity play an important role."  *Veneruso v. Mt. Vernon Neighborhood Health Ctr.*, 933 F. Supp. 2d 613, 618 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).  Indeed, consistent with the idea that federal courts are courts of limited jurisdiction, "courts construe the removal

statute narrowly" and "resolv[e] any doubts against removability."  *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (internal citation and quotation marks omitted).

The removing party bears the burden of proving that removal to federal court was proper.  *See Cal. Pub. Employees' Retirement Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004).  Wellmore removed this case on the basis of federal question jurisdiction.  Notice of Removal 1, ECF No. 1.  Indeed, Ms. Cutillo's Complaint indicates that the parties are not diverse from each other, as both appear to be Connecticut citizens.  Am. Compl. ¶¶ 1-2, ECF No. 20.  Thus, the sole possible basis for subject matter jurisdiction over this case is that it presents a federal legal question.

For federal question jurisdiction to exist, Wellmore must show that Ms. Cutillo's alleged claims "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  As the term "arising under" pertains to this case, it has two possible meanings: (1) that a federal law creates a cause of action alleged in the Complaint or (2) that the "vindication of a right under state law necessarily turn[s] on some construction of federal law."  *Franchise Tax Bd. of California. v. Constr. Laborers Vacation Trust for S. California¸* 463 U.S. 1, 8-9 (1983); *see also generally* Charles Alan Wright *et al*., 13D *Federal Practice & Procedure* §3562 (3d ed. 2016).[2]  Because the Court finds that Ms. Cutillo's claims satisfy neither standard, it finds that no subject matter jurisdiction exists.

---

[2] The Second Circuit has recognized two additional circumstances in which state legal claims can warrant the exercise of federal jurisdiction: (1) where Congress expressly provides for the removal of state law claims by statute and (2) where state law claims are completed preempted by federal law.  *Fracasse v. People's United Bank*, 747 F.3d 141, 144 (2d Cir. 2014).  Because neither of these scenarios are at issue in this case, the Court does not address them.

### 1. The Presence of Federal Legal Claims

Under the narrower conception of federal question subject matter jurisdiction, Wellmore must show that federal law created at least one of Ms. Cutillo's claims. Only one of her claims, the breach of statutory duty claim in Count Two, purports to be created by federal law. However, for the reasons that follow, the Court concludes that this claim is actually one that is created by state law.

In Count Two, Ms. Cutillo alleges that Wellmore has violated a statutory duty provided by "Title 42 – The Public Health and Welfare, Chapter 6A of the Federal Public laws, et al. to provide accurate complete and truthful information to the Federal Government, specifically [the Federal Department of Health and Human Services] and NHSC." Am. Compl. at Count Two, ECF No. 20. Although Ms. Cutillo does not allege with any more specificity what section of Title 42, Chapter 6A Wellmore has violated, the Court has identified 42 U.S.C. § 254*l*-1 *et seq.* as the seemingly relevant portion. This section authorizes the creation of the "National Health Service Corps Loan Repayment Program," which is the loan repayment program Ms. Cutillo alleges that she participated in.

Wellmore argues, and Ms. Cutillo does not directly dispute, that this statute does not create a private right of action. Def.'s Mot. to Dismiss Br. 9, ECF No. 23; Pl.'s Opp. Br. 13, ECF No. 39. And the Court's research has not revealed any authority indicating that a private right of action exists under this statute. Thus, in the most direct sense, this claim does not arise under federal law because the cited federal statute does not create the cause of action.

7

In her response to Wellmore's Motion to Dismiss, Ms. Cutillo argues that Wellmore violated certain federal regulations governing the loan repayment program as well as 42 U.S.C. §§ 254*l*-1, 254e, and 254g.  Pl.'s Opp. Br. 13, ECF No. 39.  But the mere violation of a statute does not always enable a private individual to bring a lawsuit if that statute does not authorize a private party to bring such a lawsuit.  *See e.g.*, *Rzayeva v. United States*, 492 F. Supp. 2d 60, 78 (D. Conn. 2007) (holding that where no private cause of action existed under the federal health care fraud statute, only the federal government could bring lawsuits for recovery of a loss caused by a violation of that statute).

In responding to Wellmore's Motion to Dismiss, Ms. Cutillo cites two Connecticut Supreme Court cases to argue that her legal claim is viable.  Both of these cases indicate that any cause of action Ms. Cutillo seeks to assert in Count Two arises under state and not federal law, as the cases she cites involve state law causes of action.  Pl.'s Opp. Br. 13-14, ECF No. 39 (citing *Krupa v. Farmington River Power Co.*, 147 Conn. 153 (1959) (negligence, breach of contract, and nuisance claims); *Reynolds v. Owen*, 34 Conn. Supp. 107 (Conn. Super. Ct. 1977) (analyzing a third-party beneficiary's possible tortious interference of contract claim, among other purely state law claims such as fraudulent misrepresentation)).

Accordingly, under the narrower view of what kinds of claims "arise under" federal law, Ms. Cutillo's Complaint fails to state a federal legal question.  *See e.g.*, *Albany Welfare Rights Org. Day Care Center, Inc. v. Schreck*, 463 F.2d 620, 624 (2d Cir. 1972) (holding that the case did implicate a "general federal interest" because 75% of the financing of the defendant was provided by the federal government, but that plaintiffs

8

failed to satisfy the requirements of federal question jurisdiction because it did not assert a right created by federal law).

### 2. State Legal Claims Involving a Federal Interest or Underlying Federal Legal Issue

As noted above, a second context in which the Supreme Court has recognized the existence of federal question jurisdiction is where the claims in the case are based on violations of state law but also involve some federal interest or ancillary federal legal question. *Franchise Tax Bd. of California*, 463 U.S. at 8-9; *see also Nasdaq OMX Grp., Inc. v. UBS Sec., LLC*, 770 F.3d 1010, 1018-19 (2d Cir. 2014) (recognizing that even though the case involved only claims created by state law, federal jurisdiction could still exist for a "special and small category" of claims that "present significant, disputed issues of federal law").

For example, in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 314-15 (2005), the Supreme Court found federal question jurisdiction existed over a quiet title action, which is inherently a state legal claim, because the claim was premised on an interpretation of a federal tax statute. In *Grable*, the Internal Revenue Service ("I.R.S.") seized the plaintiff's real property to satisfy a tax delinquency and sold it to the defendant. *Id.* at 310-11. The plaintiff claimed the defendant's title was invalid because the I.R.S. failed to give proper notice to the plaintiff of the seizure under 26 U.S.C. § 6335. *Id.* at 310-11. The Court noted that it was "commonsense… that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law." *Id.* at 312. It held that federal courts had subject matter jurisdiction over the case because "the meaning of the federal statute" was "an essential element" of the state law claim and the "meaning of

the federal tax provision [at issue] is an important issue of federal law that sensibly belongs in federal court." *Id.* at 314-15.

For this broader conception of federal question jurisdiction to apply, the federal legal question must be sufficiently important to the federal system as a whole to warrant the exercise of federal jurisdiction. *Gunn v. Minton*, 133 S. Ct. 1059, 1066 (2013); *see also e.g.*, *Grable & Sons Metal Prods., Inc.*, 545 U.S. at 315. In determining whether federal courts have original jurisdiction over state law claims that involve federal interests, courts examine whether (1) the case necessarily raises a federal issue, (2) the federal issue is in actual dispute, (3) the federal issue is substantial, and (4) the exercise of federal jurisdiction will not disturb "'any congressionally approved balance of federal and state judicial responsibilities.'" *Grable*, 545 U.S. at 313-14; *Gunn*, 133 S. Ct. at 1065; *NADAQ OMX Grp., Inc.*, 770 F.3d at 1020. These factors weigh against federal question jurisdiction here.

Assuming Ms. Cutillo's case raises a federal issue, any such issue is merely a background fact to alleged violations of state law. In other words, the federal issue at stake in this case is not sufficiently substantial to warrant a strong interest in its adjudication in a federal forum. *See Gunn*, 133 S. Ct. at 1066 ("[I]t is not enough that the federal issue be significant to the particular parties in the immediate suit... [rather] substantiality… looks instead to the importance of the issue to the federal system as a whole."); *Grable*, 545 U.S. at 313 (to be a substantial federal issue, there must be "a serious federal interest in claiming the advantages thought to be inherent in a federal forum"). The mere involvement of a federal program or an interest which Congress has deemed important is insufficient to create a substantial federal issue. *See Empire*

10

*Healthcare Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006) (holding that no federal question jurisdiction existed over a case in which an insurer that provided benefits for federal employees under a federal statute claimed reimbursement from one its beneficiaries based on a tort settlement).

This case is quite different from *Grable*, because it does not raise any "pure issue of [federal] law" that "could be settled once and for all and thereafter would govern numerous [ ] cases." *McVeigh*, 547 U.S. at 700 (internal quotation marks and citations omitted) (finding that a claim that involve a fact-specific application of federal regulations did not involve a "substantial" federal issue). Accordingly, the exercise of subject matter jurisdiction here is inappropriate.

There are also no federal issues that are actually disputed in this case. Ms. Cutillo alleges that the federal loan repayment program set the stage for Wellmore's various wrongful actions. But Wellmore's liability does not depend on any interpretation of federal law. Indeed, the arguments made on both sides in the motion to dismiss briefs, which focus virtually exclusively on state law, reveal that Ms. Cutillo's legal claims that relate to the federal loan repayment program hinge largely on whether Wellmore knowingly provided false information to Ms. Cutillo and whether that misrepresentation caused her injury. This fact is completely independent of any federal legal issue. *See Fracasse v. People's United Bank*, 747 F.3d 141, 143-44 (2d Cir. 2014) (holding that district court lacked federal question subject matter jurisdiction over state law claims where plaintiffs merely cited to federal law in their causes of action to discuss public policy); *see also e.g. Pennsylvania v. Eli Lilly & Co.*, 511 F. Supp. 2d 576, 581-82 (E.D. Pa. 2007) (claim that defendants caused the submission of false claims for payment to

federal programs failed to create a "disputed" federal issue because liability for the state legal claims at issue "does not depend on the violation of any federal standard or statute").

Indeed, there is no ancillary question raised in this case about the nature of Wellmore's obligations under the federal loan repayment program. At a hearing the Court held to address the various outstanding issues in this case, Wellmore argued that this Court would need to apply federal law in determining the amount of damages, if any, owed to Ms. Cutillo. Both sides agreed that part of the damages Ms. Cutillo seeks from Wellmore are the penalties the federal government has sought to recover from her for violating the terms of the federal loan repayment program. However, this argument does not show that the Court will need to apply federal law to determine that amount. Instead, it merely shows that the parties will need to present evidence about the amount the government actually sought in penalties from Ms. Cutillo. Thus, there is no federal issue "in actual dispute" much less at issue in a substantial way.

If any analysis of federal law is needed, which appears very unlikely, it will involve a determination of how established federal law applies to a distinct set of facts, which a state court is well-suited to perform. *See Congregation Machna Shalva Zichron Zvi Dovid v. U.S. Dep't of Agriculture*, 557 F. App'x 87, 90 (2d Cir. 2014) (affirming district court's refusal to exercise federal jurisdiction over a case involving only state legal claims because "the determination at issue here is a fact-specific application of [federal] regulations… that does not implicate the validity of the regulations themselves, or have any other broader effect on federal interests."); *see also McVeigh*, 547 U.S. at 701 (observing that state courts are "competent to apply federal law, to the extent it is

relevant" where no disputed federal legal question of pure law existed).Finally, the exercise of federal jurisdiction will not disturb "'any congressionally approved balance of federal and state judicial responsibilities.'" *Grable*, 545 U.S. at 314.  Where state legal claims implicate federal issues, "[f]ederal courts should await a clear signal from Congress before treating such auxiliary claims as 'arising under' the laws of the United States." *McVeigh*547 U.S. at 683, 701 (holding "federal-state" balancing did not require providing federal jurisdiction to a claim of an insurer for reimbursement from the recovery provided in a tort lawsuit merely because that insurer provided services to federal employees under a federal statute).  Here, there has been no such signal.  Congress did not create a private right of action under the statute at issue and provides no other indication that disputes related to this loan repayment program should be decided exclusively in federal court.  Nor has it indicated that claims arising out of fraud on this particular loan repayment program belong in federal court.

### III.    Conclusion

Accordingly, for all of the foregoing reasons, the Court lacks federal question jurisdiction over Ms. Cutillo's case.  Generally, if a federal court lacks subject matter jurisdiction, the action must be dismissed.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."); *see also Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000) ("If subject matter jurisdiction is lacking, the action must be dismissed."); *Manway Constr. Co.*, 711 F.2d at 503 (observing that if a federal court lacks subject matter jurisdiction, "dismissal is mandatory").

However, in the removal context, remand is the mandatory course of action where a court finds it lacks subject matter jurisdiction over a case that has been removed. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also e.g. Speranza v. Leonard*, 925 F. Supp. 2d 266, 269 (D. Conn. 2013) ("[O]nce the Court determines that it does not have subject matter jurisdiction, a remand in mandatory under 28 U.S.C. § 1447(c).") (citation and internal quotation marks omitted).

Therefore, this case shall be **REMANDED** to state court in accordance with 28 U.S.C. § 1447(c). The Motions to Dismiss, ECF Nos. 18, 22, the Motion to Amend the Complaint, ECF No. 41[3], and the Motion to Quash the Subpoena, ECF No. 45, are **DENIED AS MOOT**.

**SO ORDERED** this 22nd of July 2016, at Bridgeport, Connecticut.

                                                     /s/ Victor A. Bolden
                                                    VICTOR A. BOLDEN
                                                    UNITED STATE DISTRICT JUDGE

---

[3] Nothing that Ms. Cutillo seeks to add in her Motion to Amend the Complaint changes the outcome of this Court's subject matter jurisdiction analysis.